

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 27, 1977

Honorable J. K. Williams
Chancellor
Texas A & M University System
College Station, Texas 77843

Opinion No. H-1028

Re: Compulsory fees for
off-campus students at
state supported universities.

Dear Mr. Williams:

You have requested our opinion regarding the application of section 54.503(b) of the Education Code to university students who receive instruction off-campus. That statute provides:

> (b) The governing board of an institution of higher education may charge and collect from students registered at the institution fees to cover the cost of student services which the board deems necessary or desirable in carrying out the educational functions of the institution. The fee or fees may be either voluntary or compulsory as determined by the governing board. The total of all compulsory student services fees collected from a student for any one semester or summer session shall not exceed $30. All compulsory student services fees charged and collected under this section by the governing board of an institution of higher education, other than a public junior college, shall be assessed in proportion to the number of semester credit hours for which a student registers. No fee for parking services or facilities may be levied on a student unless the student desires to use the parking facilities provided.

(Emphasis added). Specifically, you ask whether the compulsory student services fee authorized by section 54.503(b) may

be waived or modified for students "who do not have physical access to use facilities by reason of being off-campus for instruction."

In Attorney General Opinion H-284A (1974), we held that the student services fee must "be charged proportionately according to the number of semester credit hours for which a student registers." H-284A (1974) at 2. This result was enacted into law in an amended version of section 54.503(b). Acts 1973, 63rd Leg., ch. 641, at 1759. Subsequently, the Coordinating Board, Texas College and University System, promulgated rules which impose limitations upon the power of a governing board to waive or modify fees. The Board defined two types of "off-campus" courses: "extension" and "resident" courses. As to off-campus resident courses, the Board has directed that

> public senior institutions . . . require
> the same tuition, building use fees and
> student service fees as those charged for
> the same credit courses on campus.

Rule 251.02.12.001(d)(2), Rules, Coordinating Board, Texas College & University System. In addition, the Board's rules require that "[c]ertain types of instruction not conducted at an official location may be treated as 'on-campus'." Rule 251.02.12.001(b). Examples of such instruction include "[s]tudent teaching, internships, clinical instruction, practicums, and field courses. . . ." Id. It is evident that the Board intended that students registered for such "on-campus" courses should be subject to the student services fee.

In our opinion, however, the Coordinating Board lacks the authority to promulgate these rules. The Board has been given no general control over public senior institutions in this area. See Education Code, § 61.021. Section 61.051(j) of the Education Code, enacted in 1975, does not furnish such authority because it addresses the question of course offerings rather than imposition of fees. It provides merely that

> [n]o off-campus courses for credit may be
> offered by any public college or university
> without specific prior approval of the
> board. The board shall establish regula-
> tions for the coordination of credit and
> non-credit activities of adult and con-
> tinuing education by public colleges and
> universities.

Section 54.503(b), by contrast, clearly indicates that the "governing board of [each] institution" shall set the student services fee. In Letter Advisory No. 6 (1973) at 2, in discussing the scope of the governing board's authority under section 54.503(b), we stated that

> [t]he governing board of an institution of higher education, in adopting rules and regulations for its operation, exercises delegated legislative powers, and in the absence of a clear showing that it has acted arbitrarily or has abused the authority vested in it, the courts will not interfere.

See Foley v. Benedict, 55 S.W.2d 805, 810 (Tex. Comm'n App. 1932, opinion adopted). In Attorney General Opinion H-284A (1974), we recognized that, within the guidelines of the statute, each governing board may prescribe its own fee. Provided that the fee does not exceed $30 per student per semester, and so long as it "be charged proportionately according to the number of semester credit hours for which a student registers," we believe that the governing board may waive or modify the student services fee in appropriate circumstances, including those in which a student does "not have physical access to use facilities by reason of being off-campus for instruction."

## S U M M A R Y

Within the guidelines of section 54.503(b) of the Education Code, the governing board of an institution of higher education may waive or modify the student services fee for students who do not have physical access to use facilities by reason of being off-campus for instruction. The Coordinating Board is not empowered to promulgate rules governing the imposition of such fees.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

klw